[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
After a careful review of the file, all pleadings, motions, and the record, the following findings are made and orders entered:
1. The marriage of the parties was dissolved by the Court (Harrigan, J.) on February 1, 1995.
2. On said date, the parties submitted a Separation Agreement to the Court, which agreement was incorporated into the decree and the terms thereof were made orders of the Court.
3. Said agreement and orders provide, inter alia, that the defendant shall pay to the plaintiff as and for child support the CT Page 9012 sum of $100 per week for each of three minor children.
4. Said agreement and orders provide, inter alia, that the defendant shall maintain medical insurance for the benefit of the minor children. The defendant shall also be responsible for all unreimbursed medical expenses of the minor children until such time as the plaintiff earns in excess of $20,000 annually, at which time the parties shall share equally all unreimbursed medical expenses of the minor children.
5. Several motions were filed by the respective parties thereafter.
6. On December 12, 1995, the plaintiff filed a Motion for Contempt alleging, inter alia, non-payment of current child support and failure to pay unreimbursed medical expenses for the minor children.
7. Plaintiff had applied for IV-D services and therefore Support Enforcement also filed a Motion for Contempt on plaintiffs behalf on December 9, 1995.
8. The parties appeared in Court on February 9, 1996 to address the pending motions. The Court (Sullivan, F.S.M.) found an arrearage due for current child support in the amount of $4200 subject to audit and credit as necessary. The matter was continued to March 22, 1996 for audit results.
9. On March 22, 1996, the actual arrearage was found to be $2100 as of that date, by agreement of the parties. Defendant paid $1000 that day and the matter was continued to April 12, 1996 for an additional payment by defendant of $1700, said sum representing the balance of the arrears plus two weeks of current support.
10. On April 12, 1996, the defendant paid the sum of $2,000, bringing him into compliance with the orders for current support. On said date, the plaintiff alleged $3,182.44 owed by the defendant to the plaintiff for unreimbursed medical expenses. The matter was continued to May 10, 1996 for payment of the unreimbursed medical expenses directly to the plaintiff.
11. On May 10, 1996, defendant appeared with counsel. The Court found an arrearage due for current support in the amount of $1,200, which sum defendant paid in Court. Defendant had not paid CT Page 9013 any of the unreimbursed medical expenses and was found to be in contempt of court. Defendant was incarcerated and a purge amount of $3,000 was set for failure to pay said unreimbursed medical expenses. The matter was continued to May 17, 1996 for review of the purge amount.
12. Defendant purged himself of contempt by paying $3,000 and was released from incarceration that same day.
13. The file reflects ten to twelve subsequent continuance dates. However, there is no evidence of a new motion for contempt having been filed subsequent to those filed by plaintiff and SED in December, 1995.
14. However, both parties appeared in Court on April 17, 1998. Defendant was found to be in compliance with the orders for current support. Plaintiff alleged that defendant was in arrears for unreimbursed medical expenses in the amount of $1,512.39 as of 4/17/98. Defendant alleged that plaintiff had moved to Waterbury at some point in the past and, therefore, refused to bring the minor children to participating doctors covered by his medical insurance plan. Therefore, he alleged that the amount of unreimbursed medical expenses was the fault of the plaintiff in refusing to utilize the services of a participating doctor. The defendant offered into evidence a three page list of participating doctors. No evidence was presented regarding the plaintiffs current income, if any.
15. Since defendant purged himself of contempt on the issue of unreimbursed medical expenses on May 10, 1996; since there is no subsequently filed contempt in the file; and since no evidence was presented to the Court regarding the accessibility and/or competence of the participating doctors nor the income of the plaintiff, this matter is marked OFF by the Court. If the parties cannot reach agreement regarding the use of participating doctors and the payment of unreirnbursed medical expenses generated by same, a new contempt or other motion should be filed if appropriate.
THE COURT
By Susan S. Reynolds Family Support Magistrate CT Page 9014